IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISRAEL E. ROJAS-VELÁZQUEZ, et al.,<br><br>    Plaintiffs<br><br>         v.<br><br>JOSÉ FIGUEROA-SANCHA, et al.,<br><br>    Defendants | CIVIL NO. 09-1664 (JP) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss (**No. 10**) filed by Defendants José Figueroa-Sancha ("Figueroa"), Antonio Rivera-Estela ("Rivera"), and Deborah M. Vega ("Vega").  Also before the Court is Plaintiffs Israel E. Rojas-Velázquez ("Rojas" or "Plaintiff"), Irma Alicea-Curbelo, and the conjugal partnership Rojas-Alicea's response in opposition thereto (No. 18).  Plaintiff Rojas filed the instant complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") for violations of his rights under the First and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that Defendants discriminated against him because of his political affiliation. Defendants move to dismiss the complaint for failure to state a claim.  For the reasons stated herein, Defendants' motion is hereby **GRANTED**.

CIVIL NO. 09-1664 (JP)          -2-

I.  **FACTUAL ALLEGATIONS**

Plaintiff Rojas alleges that he began working as a police officer for the Puerto Rico Police Department ("Department") on July 1, 1986.  During his tenure with the Department, Plaintiff advanced through the ranks and was promoted to increasingly higher posts on several occasions.  Most recently, Rojas was appointed to the rank of Commander in 2008.  This promotion occurred during the administration of Governor Anibal Acevedo-Vilá of the Popular Democratic Party ("PDP").

Plaintiff Rojas alleges that he is a member of the New Progressive Party ("NPP").  Plaintiff alleges that Defendants Figueroa, Rivera, and Vega are also members of the NPP.  Despite their shared party affiliation, Plaintiff alleges that Defendants have subjected him to political discrimination because of his connection with prior PDP administrations.  In January 2009, the new NPP administration of Governor Luis Fortuño began.  Plaintiff alleges that around this time Defendant Rivera made a comment that he did not know what to do with Plaintiff Rojas because he was a "doubtful" NPP member.

Subsequently, Plaintiff alleges that although he retains his title of commander, he was stripped of the duties commensurate with his rank.  Rojas alleges that he was required to return his cellular phone and his official vehicle.  In addition, Defendant Rivera allegedly asked Plaintiff to leave the office he previously occupied.

CIVIL NO. 09-1664 (JP)          -3-

Plaintiff alleges that the current responsibilities to which he has been assigned consist of regular day or night shift officer duties, which are inappropriate in light of his rank. Plaintiff alleges that these changes in assigned duties constitute violations of Plaintiff's First and Fourteenth Amendment rights.

## II.  LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 562). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

CIVIL NO. 09-1664 (JP)          -4-

## III. ANALYSIS

Defendants move the Court to dismiss Plaintiff's complaint on the following grounds: (1) failure to state a claim for political discrimination in violation of the First Amendment; (2) failure to state a claim for a Fourteenth Amendment Due Process violation; (3) qualified immunity; and (4) failure to state a claim for violation of Puerto Rico law. The Court will now consider Defendants' arguments in turn.

### A. Plaintiff's Section 1983 Claims

Plaintiff Rojas brings claims against Defendants for violations of his First Amendment and Fourteenth Amendment rights pursuant to Section 1983. Section 1983 provides a procedural mechanism for enforcing federal constitutional or statutory rights. See Albright v. Oliver, 510 U.S. 266, 271 (1994). In order to prevail on a Section 1983 claim, a plaintiff must demonstrate that the defendant (1) acted under color of state law and (2) deprived him of the identified federal right. See Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (quoting Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 32 (1st Cir. 1996)). Puerto Rico is considered a state for Section 1983 purposes. Rivera-Lugaro v. Rullán, 500 F. Supp. 2d 28, 39 (D.P.R. 2007).

#### 1. First Amendment Political Discrimination Claim

To establish a *prima facie* case of political discrimination in violation of the First Amendment, a plaintiff must show that: (1) the

CIVIL NO. 09-1664 (JP)           -5-

plaintiff and the defendant belong to opposing political affiliations; (2) the defendant has knowledge of the plaintiff's affiliation; (3) a challenged employment action occurred; and (4) political affiliation was a substantial or motivating factor behind the challenged employment action. Martínez-Vélez v. Rey Hernández, 506 F.3d 32, 39 (1st Cir. 2009).

However, in the context of a motion to dismiss, a plaintiff is not required to allege specific facts establishing a *prima facie* case of discrimination. Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 65 (1st Cir. 2004) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002)). There are no heightened pleading standards in civil rights cases. Id. at 66-67. Nevertheless, "minimal requirements are not tantamount to nonexistent requirements." Id. at 68. A civil rights Plaintiff still must allege facts sufficient to "state his claim and the grounds showing entitlement to relief" and to "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

In the instant case, Plaintiff alleges that he and Defendants are members of the same political party. Plaintiff contends that although all parties in the case are members of the NPP, Plaintiff has faced discrimination due to his association with prior PDP administrations. However, Plaintiff does not specify in what way he has been associated with PDP administrations, other than to allege that he was granted promotions during both PDP and NPP

CIVIL NO. 09-1664 (JP)           -6-

administrations.  This fact does not indicate that Plaintiff is affiliated with the PDP.  Instead, the fact of Plaintiff's promotions suggest only that he was successful in his work, and that superiors from both parties have recognized that over the years.  On these alleged facts, it is not plausible that Defendants, who are members of the NPP, subjected Plaintiff, also a member of the NPP, to discrimination on the basis of Plaintiff's political affiliation.

Plaintiff also has not alleged that he was a member of a rival faction of the NPP that conflicted with Defendants' subgroup of the NPP.  The First Circuit has determined that in certain cases clear affiliation with a rival faction within the same political party may be sufficient to constitute opposing political affiliations for purposes of the First Amendment.  <u>Padilla-García v. Guillermo Rodríguez</u>, 212 F.3d 69 (1st Cir. 2000).  In the instant case, there are no similar allegations of membership in opposing factions of the NPP. As such, Plaintiff has failed to allege a plausible claim for political discrimination.  Accordingly, the Court will dismiss Plaintiff's First Amendment political discrimination claim with prejudice.

### 2.   **Fourteenth Amendment Due Process Claim**

Defendants move to dismiss Plaintiff's claims for violations of his rights under the Fourteenth Amendment as brought pursuant to Section 1983.  The Fourteenth Amendment provides that no state shall deprive any person of life, liberty or property without due process

CIVIL NO. 09-1664 (JP) -7-

of law. U.S. CONST. amend. XIV; see Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972). The Fourteenth Amendment due process clause includes both a substantive due process right and a procedural due process right. Harrah Independent School Dist. v. Martin, 440 U.S. 194 (1979). To prevail on a procedural due process claim, a plaintiff must establish a protected liberty or property interest, and allege that while acting under color of state law the defendants deprived him of that interest without adequate process. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 56 (1st Cir. 2006). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ." Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

In the instant case, Plaintiff Rojas alleges that he had a property interest in his specific duties as a police officer, and that many of those duties have been removed. "Under Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform." Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005) (internal citations omitted). Here, Plaintiff does not allege that he has been deprived of continued employment as a police officer. To the contrary, he remains employed with the Department and retains the rank of commander. Because Plaintiff has not been deprived of continued employment, he has not been deprived of a property

CIVIL NO. 09-1664 (JP)		-8-

interest.  Therefore, Plaintiff has not suffered a Due Process violation.  Accordingly, the Court will dismiss Plaintiff's Due Process claim with prejudice.  Having dismissed both of Plaintiff's federal claims, the Court need not reach Defendants' qualified immunity argument.

### B. Puerto Rico Law Claims

Plaintiff also filed supplemental claims pursuant to Puerto Rico law.  Having dismissed the federal claims, the Court declines to exercise jurisdiction over the Puerto Rico law claims.  See Marrero-Gutiérrez v. Molina, 491 F.3d 1, 7-8 (1st Cir. 2007) (affirming district court's decision to decline jurisdiction over state law claims after dismissing federal claims).  The Court will enter judgment dismissing the Puerto Rico law claims without prejudice.

### IV. CONCLUSION

In conclusion, Defendants' motion to dismiss is hereby **GRANTED**. The Court will enter a separate judgment dismissing with prejudice Plaintiff's federal claims, and dismissing without prejudice Plaintiff's Puerto Rico law claims.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of July, 2010.

                                       s/Jaime Pieras, Jr.
                                         JAIME PIERAS, JR.
                                   U.S. SENIOR DISTRICT JUDGE